RENDERED: SEPTEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1282-MR

KYRON LIGON                                        APPELLANT

v.
    APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANGELA MCCORMICK BISIG, JUDGE
ACTION NO. 17-CR-003140-002

COMMONWEALTH OF KENTUCKY                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

CALDWELL, JUDGE: Kyron Ligon appeals from the Jefferson Circuit Court's denial of his motion to suppress evidence. Having reviewed the Order, the briefing of the parties, and the record below, we affirm.

## **FACTS**

On July 8, 2017, Louisville Metro Police Department officers were on routine midday patrol when they drove by a shopping center and noted several

vehicles parked in the lot in a way which attracted their notice. After driving by again some time later, the officers noticed one of the vehicles remained and was occupied by the Appellant and another person. The officers parked their cruiser and approached the Appellant's vehicle.

The Appellant was behind the wheel and another man sat in the passenger seat. When asked why they were parked in the lot, the men responded that they were eating lunch while waiting for a clothing store in the center to open. The officers requested identification from the two men.

When the officers ran the Appellant's license through the system, they discovered he had an active warrant for his arrest. He was detained and the vehicle searched incident to his arrest. A loaded handgun was found in the glove compartment. The Appellant had previously been convicted of a felony and it was therefore unlawful for him to be in possession of a handgun. Matching ammunition was found on the Appellant's person, in his pocket. He was charged with being a convicted felon in possession of a handgun in violation of Kentucky Revised Statutes (KRS) 527.040.

The Appellant filed a motion to suppress the handgun and ammunition, arguing that the officers had no probable cause to perform an investigative stop and the seized evidence constituted fruits of an illegal search.

After a suppression hearing wherein the prosecution provided the testimony of the arresting officer, the Jefferson Circuit Court denied the motion. The trial court ruled that no investigatory stop had been made, but rather the encounter had been consensual. Once the officer determined there was a warrant for the Appellant's arrest, the court held, the consensual encounter became an arrest and the search of the vehicle and Appellant's person was incident to that arrest.

The Appellant entered into a conditional guilty plea, reserving his right to appeal the trial court's ruling on his motion to suppress. We affirm.

## STANDARD OF REVIEW

A reviewing court accepts as conclusive the findings of fact of the trial court so long as they are supported by "substantial evidence," and legal conclusions drawn therefrom are reviewed *de novo. Benton v. Commonwealth*, 598 S.W.3d 102 (Ky. 2020).

## ANALYSIS

The Appellant argued to the trial court that the officers had lacked reasonable articulable suspicion to execute an investigative stop. *See Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). The trial court, however, disagreed that the officers had engaged in a stop of the Appellant.

Rather, the trial court determined that the police had engaged in a consensual encounter with the Appellant and his passenger.

Not every interaction between citizens and the police will trigger a Fourth Amendment consideration.

> There are three types of interaction between police and citizens: consensual encounters, temporary detentions generally referred to as *Terry* stops, and arrests. The protection against search and seizure provided by the Fourth Amendment to the United States Constitution applies only to the latter two types.

*Baltimore v. Commonwealth*, 119 S.W.3d 532, 537 (Ky. App. 2003) (footnote omitted).

Here, the Appellant argues that the police effectuated a *Terry* stop, wherein reasonable suspicion of criminal activity is required before conducting a brief investigatory detention. The trial court, however, held that this interaction was a consensual encounter because the officers did not "stop" the vehicle, but simply approached the already parked vehicle. A consensual encounter does not implicate Fourth Amendment considerations.

In determining whether an encounter between police and a citizen is a consensual encounter which does not implicate constitutional protections or an investigatory detention which does, the courts must look to "all the circumstances surrounding the encounter." *Florida v. Bostick*, 501 U.S. 429, 439, 111 S. Ct. 2382, 2389, 115 L. Ed. 2d 389 (1991). If a reasonable citizen would feel he or she

could ignore the police and continue freely about their business, such is considered a consensual encounter and no reasonable suspicion is required. *See United States v. Mendenhall*, 446 U.S. 544, 554, 100 S. Ct. 1870, 1877, 64 L. Ed. 2d 497 (1980). A request by the police of a citizen for identification not preceded by a vehicle stop does not implicate the Fourth Amendment. *Fletcher v. Commonwealth*, 182 S.W.3d 556, 559 (Ky. App. 2005).[1]

The trial court determined that a reasonable citizen would not believe that they were in custody when the officers approached the car, already parked, and asked for identification. We agree. If the occupants had refused and the police response had escalated because of the refusal, then the analysis would perhaps end in a different result. But on the facts here, found to be supported by substantial evidence, the Appellant was simply not in the custody of the police until after his warrant was discovered.[2]

---

[1] "Police officers are free to approach anyone in public areas for any reason[.]" *Strange v. Commonwealth*, 269 S.W.3d 847, 850 (Ky. 2008) (quoting *Commonwealth v. Banks*, 68 S.W.3d 347, 350 (Ky. 2001)). "No '*Terry*' stop occurs when police officers engage a person . . . in conversation by asking questions." *Id.* at 850 (citing *Florida v. Royer*, 460 U.S. 491, 103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983)). In Fourth Amendment jurisprudence, such conduct is characterized as a "consensual encounter" and is not itself a search or a seizure. *United States v. Campbell*, 486 F.3d 949, 954 (6th Cir. 2007).

*Commonwealth v. Garrett*, 585 S.W.3d 780, 790-91 (Ky. App. 2019).

[2] The United States Supreme Court has identified several factors that suggest a seizure has occurred and that a suspect is in custody: the threatening presence of several officers; the display of a weapon by an officer; the physical touching of the suspect; and the use of tone of voice or language that would indicate that compliance with the officer's request would

Once he was arrested, a search incident to that arrest discovered the handgun in the glove compartment. Ammunition was found on his person and matched the caliber of the gun found in the Appellant's car, supporting the conclusion that he was in possession of the handgun and supporting the lodging of the charge in the present case. The Appellant raises no concerns with the search incident to his arrest, so our analysis concludes.

## CONCLUSION

We find that the trial court's findings of fact were supported by substantial evidence, and we agree with the conclusion of law reached by the trial court that the Appellant was not in custody when the police approached his parked vehicle and asked for identification. Upon running his identification through the system and discovering he had a warrant for his arrest, he was then arrested and in custody. It was at the time that the search uncovered the handgun and ammunition which formed the basis of the charge to which he eventually pleaded guilty. For the foregoing reasons, we affirm the decision of the trial court.

ALL CONCUR.

---

be compelled. *Mendenhall*, 446 U.S. at 544, 100 S. Ct. 1870; *Cecil v. Commonwealth*, 297 S.W.3d 12, 16 (Ky. 2009).

*Turley v. Commonwealth*, 399 S.W.3d 412, 420 (Ky. 2013).

BRIEF FOR APPELLANT:

Ramon McGee
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky